**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4282

BARRY HUDSON, a/k/a Pedro
Morales,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-96-9)

Submitted: November 18, 1997

Decided: December 5, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS,
P.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Anthony P. Giorno, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Barry Hudson was convicted of aiding and abetting the making of false statements to a federally licensed firearms dealer in violation of 18 U.S.C. §§ 2, 922(a)(6) (1994), and conspiracy to acquire and transfer a firearm in violation of 18 U.S.C. § 371 (1994). On appeal he challenges that there was insufficient evidence to support his conviction and that the district court erred by refusing his request for a jury instruction that his withdrawal from the conspiracy is a defense to the conspiracy charge. We affirm.

Appellant's conviction stems from his attempt to have Dennis Staples purchase for him a handgun that he could not purchase directly because he was a convicted felon and not a Virginia resident. Appellant instigated a series of events in which he offered Staples $50 to purchase a specific type of gun, repeatedly drove Staples to different gun stores, and then provided Staples with money to buy the gun while he waited in the car. In support of Appellant's conviction the government is not required to produce direct evidence that Appellant willfully participated in the false representations Staples made when attempting to purchase the gun for Appellant. See United States v. Hern, 926 F.2d 764, 767 (8th Cir. 1991). Based on the evidence the government produced at trial, a jury could have reasonably found that Appellant willfully associated and participated in Staples' false representations. See United States v. Ortiz-Loya, 777 F.2d 973, 980 (5th Cir. 1985). Accordingly, we find that there was sufficient evidence to support Appellant's conviction for aiding and abetting the making of false statements.

We also reject Appellant's contention that there was insufficient evidence establishing that the gun store in which Staples made his false representations was a federally licensed firearms dealer. Although the store's license had expired one month prior to the inci-

2

dents giving rise to Appellant's conviction, the store owner had filed a timely application for renewal and the Bureau of Alcohol, Tobacco, and Firearms explicitly granted the store permission to continue operating under the old license. In light of this evidence and because the store's license had never been suspended or revoked, the jury could reasonably have found that the store was a federally licensed firearms dealer.

Appellant's final claim is that the district court erred in refusing to instruct the jury that his withdrawal from the conspiracy to acquire a firearm is a complete defense to the conspiracy charge. We review a district court's decision not to give a jury instruction for an abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). The district court denied Appellant's jury instruction request because there was ample evidence that Appellant committed overt acts in furtherance of the conspiracy prior to showing any intent to withdraw. Withdrawal from a conspiracy will not preclude a conspiracy conviction if overt acts have been taken in furtherance of the conspiracy prior to the withdrawal. See United States v. Gonzalez, 797 F.2d 915, 916-17 (10th Cir. 1986); United States v. Wooten, 688 F.2d 941, 947 (4th Cir. 1982). An effective withdrawal would only preclude liability for future crimes the remaining co-conspirators might commit. See Gonzalez, 797 F.2d at 916-17. Appellant committed numerous overt acts in furtherance of acquiring a firearm prior to showing any intention to withdraw, and thus was not entitled to an instruction that his withdrawal provides a defense to the conspiracy charge. Hence, the district court properly denied the requested instruction.

Accordingly, we affirm the district court judgment finding Appellant guilty of aiding and abetting the making of false representations to a federally licensed firearms dealer and conspiracy to acquire a firearm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3